# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| **ALLISON OKPYCH** on behalf of herself and all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**21ST MORTGAGE CORPORATION,**<br><br>Defendant. | Civil Case No.: 16-199<br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of Defendant 21st Mortgage Corporation's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Defendant has made numerous calls and text messages to Plaintiff's cellular telephone.

3. These calls and text messages were sent in an apparent effort to collect a debt from a third-party with whom Plaintiff has no affiliation.

4. All of these calls and text messages were made using an automatic telephone dialing system as defined at 47 U.S.C. § 227(a)(1).

5. These text messages continued even after Plaintiff informed Defendant that it had the wrong number, and that it no longer had permission to call or text her phone number.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

7. This Court has personal jurisdiction over Defendant because Defendant conducts

significant amounts of business transactions within this District, Defendant is headquartered in this District, and because the wrongful conduct giving rise to this case emanated from this District.

8. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts significant amounts of business transactions within this District and because the wrongful conduct giving rise to this case emanated from this District. Venue is additionally proper because Defendant is headquartered in this District.

## PARTIES

9. Plaintiff is, and at all times mentioned herein was, a citizen and resident of South Carolina.

10. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

11. Defendant 21st Mortgage Corporation is, and at all times mentioned herein was, a Delaware corporation, with its headquarters at 620 Market St #100, Knoxville, TN 37902.

12. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

## FACTS

13. Since late 2015, Defendant has placed numerous text messages and telephone calls to Plaintiff's cellular telephone, phone number 845-###-3934, which she has had since 2013.

14. These include calls on, but not limited to, December 15, 2015 and December 16, 2015.

15. These include texts on, but not limited to, December 15, 2015.

16. These calls and texts were all wrong number calls and texts made in an effort to

collect a debt from a "Timothy Brigmon."

17. All of these calls and texts were made using an "automatic telephone dialing system" as defined at 47 U.S.C. § 227(a)(1) and as explained in subsequent FCC regulations and orders. The system(s) used by Defendant has/have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

18. For the texts, this is evidenced by the fact that the texts came from the email address text@searchbug.com.

19. For example, on December 15, 2015, Plaintiff received the following text message:



20. Searchbug.com is a website that supplies a variety of tools and services for finding persons and contacting those persons, including free text messaging and professional skip tracing.

21. When a text message is sent through the "free text messaging" portal of searchbug.com, the recipient sees text@searchbug.com as the sender of the text message.

22. The FCC has recently confirmed that the TCPA covers "entering a message on a web portal to be sent to a consumer's wireless telephone number … and sending a text message to the consumer's wireless telephone number", and that "the equipment used to originate Internet-to-phone text messages to wireless numbers" is necessarily an "automatic telephone dialing system" under the statute. 2015 FCC Order, 30 FCC Rcd 7961, 8018-8020, ¶¶ 111, 114.

23. Similarly, the calls all bore the hallmarks of an automatic telephone dialing system, such as:

- Brief and unnatural pauses upon answering the calls, indicative of autodialer usage;
- "Dead air" calls – calls where Plaintiff answers and no one is on the other line – indicative of autodialer usage;
- Plaintiff's inability to stop the calls, suggesting the calls were dialed automatically.

24. Accordingly, for both the calls and the text messages, Defendant needed Plaintiff's prior express consent to call her cellular telephone number.

25. Plaintiff never provided Defendant with her prior express consent to call her cellular telephone number.

26. In fact, on one of the first calls, Plaintiff told Defendant that it had the wrong number, and asked Defendant not to call again, effectively revoking any "consent" Defendant believed it had.

27. Despite this, the calls and text messages continued.

28. Furthermore, upon information and belief, Defendant did not obtain the cellular

telephone number from Mr. Brigmon. Instead, in an attempt to locate Mr. Brigmon, Defendant used "skip tracing," such as that provided by searchbug.com, in order to locate potential contact information for Mr. Brigmon.

29. "Skip tracing" is a process used to locate persons, often debtors, using various records such as credit reports, DMV records, utility records, and other public and private records.

30. Obtaining a cellular telephone number from this process would *not* be consent.

31. As such, while only Plaintiff's consent matters, Defendant did not have consent from any person to call Plaintiff's cellular telephone number.

32. Upon information and belief, Defendant frequently uses skip tracing to identify telephone numbers to call or text, and calls or texts those numbers using an automatic telephone dialing system without express consent.

33. Plaintiff has suffered actual injury as a result of Defendant's telephone calls and texts, including, but not limited to:

- Device storage;
- Data usage;
- Plan usage;
- Lost time tending to and responding to the unsolicited calls and texts;
- Invasion of Privacy.

34. Plaintiff is entitled to statutory damages and injunctive relief.

## CLASS ACTION ALLEGATIONS

35. Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of a proposed class defined as:

Plaintiff and all persons within the United States to whose cellular telephone number Defendant 21st Mortgage Corporation sent, in the past four years, a text message or placed a telephone call, using an automatic telephone dialing system, when Defendant's records indicate that the number was obtained through any source other than from the person Defendant was attempting to reach.

("Class")

36. Excluded from this class are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

37. The Class members for whose benefit this action are brought are so numerous that joinder of all members is impracticable.

38. The exact number and identities of the persons who fit within the class are ascertainable in that Defendant Uber maintains written and electronically stored data showing:

   a. The time period(s) during which Defendant sent text messages and placed calls;

   b. The telephone numbers to which Defendant sent text messages and placed calls;

   c. The method through which Defendant obtained the phone numbers to which it sent texts and placed calls;

39. The Class is comprised of hundreds, if not thousands, of individuals nationwide.

40. There are common questions of law and fact affecting the rights of the Class members, including, *inter alia*, the following:

   a. Whether Defendant used an automatic dialing system in placing its calls;

   b. Whether Defendant took adequate steps to acquire and/or track consent;

      c. Whether and to what extent Defendant used skip tracing to locate and call or text telephone numbers;

      d. Whether Plaintiff and the Class were damaged thereby, and the extent of damages for such violations; and

      e. Whether Defendant should be enjoined from engaging in such conduct in the future.

41. Plaintiff is a member of the Class in that she received calls and text messages from Defendant on a number obtained through skip tracing.

42. Plaintiff's claims are typical of the Class members' claims in that they arise from Defendant's uniform conduct and are based on the same legal theories as Class members' claims.

43. Plaintiff and all putative Class members have also necessarily suffered actual damages in addition to statutory damages, as all Class members spent time tending to Defendant's unwanted calls and text messages and, due to the nature of text messages, the text messages at issue took up space on putative Class members' devices, used Class members' cellular telephone plans, caused a nuisance to Class members, and invaded Class members' privacy.

44. Plaintiff has no interests antagonistic to, or in conflict with, the Class.

45. Plaintiff will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent himself and the Class.

46. Defendant has acted and refused to act on grounds generally applicable to the Class, thereby making injunctive and declaratory relief appropriate for the Class as a whole.

47. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

48. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

49. Common questions will predominate, and there will be no unusual manageability issues.

## FIRST CAUSE OF ACTION
### Violations of 47 U.S.C. § 227(b)(1)(A)(iii)

50. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

51. Defendant placed repeated text messages and calls to Plaintiff and Class members on their cellular telephones.

52. These text messages and calls all used an automatic telephone dialing system, as explained above.

53. Plaintiff, at no time, consented to Defendant's calls or text messages, as the calls were for a third-party with whom she has no affiliation.

54. Furthermore, Plaintiff told Defendant that it had the wrong number and asked Defendant to stop calling.

55. In addition, Defendant obtained Plaintiff and Class members' cellular telephone numbers through "skip tracing."

56. Accordingly, Defendant did not have, and knew it did not have, the consent of Plaintiff and Class members to place autodialed calls or text messages to Plaintiff's and Class members' cellular telephones.

57. The calls were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

58. Plaintiff is entitled to an award of $500 in statutory damages for each call made negligently, pursuant to 47 U.S.C. § 227(b)(3)(B).

59. Plaintiff is entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Allison Okpych, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff Allison Okpych as the representative of the Class, and appointing her counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227;

C. An award of injunctive and other equitable relief as necessary to protect the interests of the Class, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

D. An award of statutory damages;

E. An award of treble damages;

F. An award of reasonable attorneys' fees and costs; and

G. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** April 26, 2016         */s/ Jeremy M. Glapion*
                                  Jeremy M. Glapion
                                  **THE GLAPION LAW FIRM, LLC**
                                  1704 Maxwell Drive
                                  Wall, New Jersey 07719
                                  Tel: 732.455.9737
                                  Fax: 732.709.5150
                                  jmg@glapionlaw.com